UNITED STATES v. GLOBE SHIPPING CO., INC. (JOSEPH RIEDEL GLASS WORKS)

No. 4464.—Invoice dated Unter-Polaun, Czechoslovakia, April 3, 1936.
Certified April 10, 1936.
Entered at New York April 28, 1936.
Entry No. 833367.

Second Division, Appellate Term

(Decided November 30, 1938)

*Webster J. Oliver*, Assistant Attorney General (*Richard F. Weeks*, special attorney), for appellant.
*Barnes, Richardson & Colburn* (*Hadley S. King* of counsel) for the appellee.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is an application for a review of the decision and judgment of Sullivan, Judge, dated March 28, 1938 (Reap. Dec. 4270), wherein he determined the question of the dutiable value of certain blown glassware imported from Czechoslovakia.

The commercial invoice attached to the consular invoice describes various articles of such blown glassware as bookends, figures, lamps, chandeliers, bases, tumblers, bowls, atomizers, sugar shakers, and boxes. There are also 36 items of shakers ranging from 2 to a dozen for each item; two items of cruets of 2 for each item; and 15 items of mustards ranging from 1 to 4 for each item.

The net prices are invoiced in Czechoslovakian crowns, the total being 11,334.82, from which a 50 per centum trade discount and a 2 per centum cash discount were deducted on entry. The appraiser appraised the merchandise at the invoice values which were also the entered values, and the collector appealed.

As pointed out by the trial judge in his decision, there is no dispute in regard to the *per se* value of the merchandise, the single qusetion to be determined being the proper discount to be allowed in finding dutiable value. He found that the discount applicable to the cruets, shakers, and mustards was 40 per centum, and the discount applicable to all the other glassware covered by said appeal was 50 per centum; and that in addition, on all of the involved merchandise, there should be allowed a cash discount of 2 per centum. In other words, the trial judge affirmed the entered and appraised values in every respect, except that he reduced the discounts allowable on the cruets, shakers, and mustards from 50 to 40 per centum.

The trial judge also found that the usual wholesale quantity in the case of the cruets, shakers, and mustards is from 50 to 500 pieces, and of all the other involved items from 1 to 100 pieces; and that the manufacturer allows a 50 per centum discount to all wholesalers, and a 10 to 20 per centum discount to all retailers regardless of the quantities purchased.

There and here the contention of the Government is that only a 20 per centum discount, plus a 2 per centum cash discount, should be allowed on all items.

The only evidence before the trial judge consisted of the report of Treasury Representative Hugo Wallenfels, dated at Vienna, Austria, January 5, 1937, a little over eight months after the entry of the merchandise involved herein, which report was admitted in evidence as Exhibit 1.

No evidence was offered by the importer.

Based upon the proof, the trial judge reached the conclusion that the sales of said merchandise to wholesalers predominated over the sales to retailers in the home market, to foreign countries, and to the United States, and that the great bulk of the sales received a discount of 40 to 50 per centum, which discount should be allowed in the instant case.

Referring to five sales for export to the United States which appeared in the special agent's report in which discounts of less than

40 or 50 per centum were allowed, the trial judge stated in his excellent decision that although this showed a higher value than the sales for home consumption, nevertheless the said export sales are so limited in number that in his judgment they did not constitute a market.

Counsel for the Government in his brief filed herein contends that this statement of the trial judge is in error, and that it is immaterial that the sales for export to the United States are outnumbered by sales for home consumption and for export to countries other than the United States. Counsel also contends that the major number of sales or offers of sales does not furnish the criterion for an allowable discount under the facts in the case at bar.

In our opinion it is unnecessary for us to consider the numerous cases cited by counsel, for the reason that it is evident to us that the Government has failed to sustain the burden resting upon it as the appellant to prove, first, that the appraiser was wrong in his appraisement based upon foreign value; and, second, that there existed an export value higher than the foreign value at the time of exportation of the merchandise at bar.

In the first place, it appears from the record that the consular invoice herein was dated April 3, 1936, whereas all the alleged sales for export to the United States set forth in the special agent's report occurred after the sale and entry of the present merchandise. The dates of the five alleged sales for export to the United States were May 8, 15, 29, and July 13 and 27, all in 1936. As Cline, trial judge, well said in the case of *Mexican Products Co.* v. *United States*, decided December 3, 1937 (Reap. Dec. 4182):

> * * * In view of the ruling in *United States* v. *A. S. Neuberger and American Glanzstoff Corp.*, 19 C. C. P. A. 96, T. D. 45241, sales which were consummated after the date of shipment in the case at bar can not be considered as evidence * * * and the testimony regarding the same will be given no weight.

As counsel for the appellee states in his brief:

> It is quite true that there does exist a presumption that a condition which exists today continues in the future, but that same presumption does not work backwards. There is no presumption that a condition which exists today did exist in the past.

In the second place, in the case of the first three sales mentioned in the special agent's report, it is specifically stated that the discount of 20 per centum is a discount to a retailer, and the inference is clear that in the fourth sale the discount of 33⅓ per centum is treated as a retail discount.

In the third place there is no evidence in the report that the merchandise which was the subject of said five sales was similar to that involved herein.

It is also to be noted that the schedule of prices affixed to the special agent's report is in German without any English translation.

Upon the record we find the dutiable values to be as follows: In the case of the cruets, shakers, and mustards, the unit values as shown upon the invoice, less a 40 per centum trade discount, less a 2 per centum cash discount, plus packing; and in the case of all the other glassware involved herein, the unit values as shown upon the invoice, less a 50 per centum trade discount, less a 2 per centum cash discount. Packing added.

The judgment of the trial judge is therefore affirmed, and judgment will be rendered accordingly.